[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14308
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

W. LEE PATRICK, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 2, 2008)**

Before BARKETT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

W. Lee Patrick, Jr., appeals his 65-month sentence for embezzling and

conspiring to embezzle from an organization receiving federal funds, 18 U.S.C. §§ 371, 666, as well as the district court's order requiring him to pay $408,265.14 in restitution.

Patrick argues that the district court erred when it imposed a 65-month term of imprisonment after finding that a loss amount of $408,265.14 was attributable to him and due as restitution. He contests the loss amount arguing that it was not supported by specific, reliable evidence and argues that the district court made a computation error in determining the amount of restitution.

We review the district court's loss determination for clear error. United States v. Cabrera, 172 F.3d 1287, 1292 (11th Cir. 1999). The loss amount is defined as, inter alia, the "actual loss," which in turn is defined as the reasonably foreseeable pecuniary harm resulting from the offense. U.S.S.G. § 2B1.1, comment.(n.3(A)(i)) (2005). However, in United States v. Keene, 470 F.3d 1347 (11th Cir. 2006), we held that where the district court indicates that, regardless of a disputed guideline calculation, it would have imposed the same sentence in light of the 18 U.S.C. § 3553(a) factors, a harmless-error analysis must be applied to avoid "pointless reversals and unnecessary do-overs of sentence proceedings." Keene, 470 F.3d at 1349.

In this case, the district court explicitly stated that it would have imposed the

same sentence regardless of the disputed guideline calculation. Moreover, we find that the record indicates that the district court imposed a reasonable sentence after considering the factors enumerated in § 3553(a). Thus, any guideline calculation error was harmless. Accordingly, we affirm Patrick's sentence.

However, as the government concedes, the district court erroneously attributed $65,000 in the calculation of loss to Patrick, which was contrary to the testimony of the government's witness at re-sentencing. Thus, we vacate the restitution order and remand to the district court, directing the court to subtract that amount from its restitution order.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**